Tina HOLLIDAY, et al., Plaintiffs,

v.

EXTEX, et al., Defendants.

Timothy Holliday, et al., Plaintiffs,

v.

Extex, et al., Defendants.

Marlette Thomas, etc., et al., Plaintiffs,

v.

K & S Helicopters, Inc., et al., Defendants.

Nos. CIV. 05–00194 SPK–LEK, CIV. 05–00299 SPK–LEK, CIV. 05–00319 DAE–LEK.

United States District Court, D. Hawai'i.

Aug. 10, 2006.

Stephen Tucker, Mendes and Mount LLP, New York, NY, Allison M. Mizuo, Jeffrey S. Portnoy, Marion Llanes Reyes–Burke, Neill T. Tseng, Cades Schutte, Calvin E. Young, Gary S. Miyamoto, Steven L. Goto, Ayabe Chong Nishimoto Sia & Nakamura, Kenneth K. Fukunaga, Lois H. Yamaguchi, Fukunaga Matayoshi Hershey & Ching, John R. Lacy, Goodsill Anderson Quinn & Stifel LLP, Honolulu, HI, Brittany M. Schultz, Dykema Gossett PLLC, Bloomfield Hills, MI, Eric Pederson, Rolls–Royce Corporation, Indianapolis, IN, James L. Burt, III, Maloney Bean Horn & Hull, Irving, TX, for Defendants.

Mark S. Davis, Michael K. Livingston, Davis Levin Livingston Grande, Honolulu, HI, Niall G. Yamane, Terry O'Reilly, O'Reilly Collins & Danko, San Mateo, CA, for Plaintiffs.

*ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ROLLS–ROYCE CORPORATION'S MOTION TO COMPEL INSPECTION OF SUBJECT PARTS*

KOBAYASHI, United States Magistrate Judge.

Before the Court is Defendant Rolls–Royce Corporation's ("RRC") Motion to Compel Inspection of Subject Parts ("Mo-

---

tion"), filed July 13, 2006. Plaintiffs Tina Holliday, Individually, and as Special Administrator for the Estate of Russell Holliday, and as Next Friend for her Minor Children, Cheyanne Holliday and Austin Holliday, and Plaintiffs Timothy Holliday and Darlene Holliday (all collectively "Plaintiffs Holliday") filed their opposition to the Motion on July 21, 2006. This matter came on for hearing on July 28, 2006. Appearing on behalf of Plaintiffs Holliday was Stephen Purtill, Esq., by telephone, and appearing on behalf of RRC was Brittany Schultz, Esq., by telephone, and Kenneth Fukunaga, Esq. Also present were: Peter Fong, Esq., on behalf of Plaintiff–Intervenor Hawai'i Employers' Mutual Insurance Company, Inc.; Jeffrey Portnoy, Esq., on behalf of Defendant Extex Ltd., LLC; and John Lacy, Esq., on behalf of Defendant Superior Air Parts, Inc. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, RRC's Motion is HEREBY GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

## BACKGROUND

The instant consolidated cases arise from a helicopter crash that occurred on June 15, 2003 on the Island of Hawai'i, in a lava field in Volcano National Park. The pilot, Russell Holliday, and all three of the passengers died as a result of the crash. The crash has been attributed to an in-flight engine failure. The plaintiffs in these consolidated cases allege that the engine failed because of a fracture of the compressor adaptor coupling ("CAC") and the defective design of other engine parts, including the spur adaptor gearshaft and the impeller. RRC designed and manufactured the engine on the subject helicopter, including the spur adaptor gearshaft and the impeller, but it did not design, manufacture, maintain, or sell the CAC, which was produced by Defendant Extex, Ltd.[1]

The subject engine parts are currently in the possession of Plaintiffs Holliday's expert, David Rupert of R.J. Waldron & Company,

Ltd. ("Waldron"), located in Vancouver, Canada. Some time in mid-June 2006,[2] RRC requested that Plaintiffs Holliday ship the parts, at RRC's expense, to RRC's experts for inspection. Plaintiffs Holliday declined, but informed RRC that its experts could inspect the parts at Waldron's facilities. One of RRC's experts went to Vancouver to conduct a visual inspection of the parts on July 6, 2006.

RRC filed the instant Motion seeking an order compelling Plaintiffs Holliday to ship the parts to RRC's experts to allow them to examine the parts at their own facilities. RRC argues that its experts must have a fair opportunity to inspect and analyze the parts and that its experts need to use their own equipment to do so. RRC also seeks leave of court to amend its expert disclosures and expert reports after the inspection.[3] In addition, they ask the Court to award its attorney's fees and costs incurred in bringing the Motion.

Plaintiffs Holliday oppose the Motion. They state that they will make the subject parts available to RRC's experts at Waldron's facilities, up to the discovery deadline, and that they will make any necessary scientific equipment available to RRC's experts. Plaintiffs Holliday note that RRC had complete and unfettered access to the parts when it initially took the engine apart after the incident and that RRC has participated in multiple inspections of the parts since that time. Plaintiffs Holliday argue that RRC has not articulated a legitimate reason to ship the parts to RRC's experts.

## DISCUSSION

It is undisputed that the engine parts are relevant to the instant case and that RRC is entitled to inspect them. The instant dispute centers around the manner in which RRC inspects the parts. RRC states that it may obtain the production of the subject parts pursuant to Federal Rule of Civil Procedure 34, which provides that a party may serve a

---

1. The claims against RRC have been dismissed, except insofar as there is a genuine issue of material fact regarding whether the spur adapter gearshaft contributed to the fracture of the CAC.

2. RRC and Plaintiffs Holliday were unable to tell the Court exactly when this dispute arose.

3. On July 14, 2006, RRC served its expert disclosures, with reports attached, on the parties.

request for inspection of tangible things in the possession, custody, or control of another party. *See* Fed.R.Civ.P. 34(a). The request must describe the item to be inspected and must "specify a reasonable time, place, and manner of making the inspection and performing the related acts." Fed.R.Civ.P. 34(b). The party upon whom the request is served must serve a written response within thirty days of service of the request, unless a different period is directed by the court or agreed to in writing by the parties. The responding party must state which items it will permit inspection of as requested and which items it objects to, with the reasons for the objections. If the responding party objects to a part of the request, it shall allow inspection of the remaining parts. The party requesting inspection may file a motion pursuant to Federal Rule of Civil Procedure 37(a) with respect to any objection or any failure to permit inspection as requested. *See id.*

Plaintiffs Holliday state that RRC never served a formal request for inspection, [Mem. in Opp. at 3,] and RRC does not allege that it did. Even assuming, *arguendo*, that RRC served a formal Rule 34 request, the Court would deny the Motion because RRC's request did not comply with the requirements of Rule 34. RRC did not raise the shipping issue until sometime in mid-June, after Plaintiffs Holliday's expert disclosures, which were due on June 14, 2006. RRC's expert disclosure deadline was July 14, 2006 [4] and the discovery deadline is September 8, 2006. RRC sought to have Plaintiffs Holliday ship the subject parts to RRC's experts, who were to inspect and analyze the parts prior to RRC's expert disclosure deadline. First, RRC's request did not allow Plaintiffs Holliday thirty days to respond and RRC did not obtain an agreement or a court order for a shorter time period. Second, under the circumstances, the time, place, and manner of inspection that RRC proposed were not reasonable.

On May 8, 2006, K & S Helicopters, Inc., informed all parties that it was turning care,

custody, and control of the engine parts to Plaintiffs Holliday. RRC could have served Plaintiffs Holliday with its Rule 34 request for inspection at any time after May 8, 2006. This would have allowed Plaintiffs Holliday and RRC to work out a reasonable schedule for inspection of the parts by each side's experts. RRC also could have served K & S Helicopters, Inc., or any other party that had possession of the subject parts, with its Rule 34 request prior to May 8, 2006.

This Court therefore finds that RRC's mid-June 2006 request for inspection of the subject parts was unreasonable. Plaintiffs Holliday allowed RRC the reasonable alternative of inspecting the parts at Waldron's facilities on July 6, 2006. Plaintiffs Holliday have further indicated that the parts will continue to be available for RRC's inspection at Waldron's facilities until the discovery deadline and that Waldron will make any necessary scientific equipment available to RRC for use during the inspection and analysis of the parts. The Court therefore finds that RRC has a reasonable opportunity to inspect and analyze the subject engine parts, and DENIES RRC's request to have Plaintiffs Holliday ship the parts to RRC's experts.

The Court also ORDERS Plaintiffs Holliday to make the subject engine parts available for RRC's inspection at Waldron's facilities at a mutually agreeable date and time, no later than August 25, 2006. The Court GRANTS RRC's Motion to the extent that RRC may supplement its expert disclosures and expert reports based on the results of that inspection. RRC shall serve its supplemental expert disclosures expert reports by September 1, 2006.

The Motion is DENIED in all other respects.

### *CONCLUSION*

On the basis of the foregoing, Defendant Rolls–Royce Corporation's Motion to Compel Inspection of Subject Parts, filed July 13,

---

**4.** In its July 14, 2006 order granting RRC's ex parte motion to shorten time for hearing of the Motion, the district court tolled RRC's expert disclosure deadline until the hearing on the Motion.

2006, is HEREBY GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED.