ROBERT GALLAGHER a/k/a BOBBY FREEMAN and BETTY FRANKLIN, Defendants Below-Appellants,
v.
RICHARD S. LONG, as trustee for THE RICHARD S. and CYNTHIA A. LONG TRUST, and LGF ENTERPRISES, LLC, Plaintiffs Below-Appellees.
No. 383, 2007.
Supreme Court of Delaware.
Submitted: September 18, 2007.
Decided: November 6, 2007.
Before BERGER, JACOBS and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 6th day of November 2007, upon consideration of the appellants' opening brief and the appellees' motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The defendants-appellants, Robert Gallagher a/k/a Bobby Freeman and Betty Franklin (the "Gallaghers"), have filed an appeal from the Court of Chancery's July 25, 2007 revised final judgment and order, which held them in civil contempt and entered final judgment in favor of the plaintiffs-appellees, Richard S. Long, as trustee for the Richard S. and Cynthia A. Long Trust, and LGF Enterprises, LLC (the "Longs"), on all claims and awarded the Longs their costs and attorney's fees. The Longs have moved to affirm the Court of Chancery's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[1] We agree and affirm.
(2) The record reflects that the Longs filed suit against the Gallaghers seeking a declaration that certain agreements of the parties relating to celebrity memorabilia were legally valid and binding and also seeking specific performance of those agreements. The Gallaghers sought reformation or rescission of the agreements and asserted counterclaims against the Longs of conversion, breach of fiduciary duty, and intentional interference with prospective economic advantage. The Longs were later permitted to amend their complaint to add a claim seeking judicial dissolution of LGF Enterprises, LLC.
(3) The record further reflects that, on March 27, 2007, following full notice and a hearing (at which the Gallaghers did not appear), the Court of Chancery entered an order requiring the Gallaghers to make available for inspection the items of celebrity memorabilia at issue for the purpose of obtaining insurance. Despite being duly notified of the Court of Chancery's order, the Gallaghers did not make the items available for inspection. Moreover, the Gallaghers failed to appear for their properly noticed depositions on March 28 and 29, 2007. As a result, on May 10, 2007, following full notice and a hearing (at which the Gallaghers again did not appear), the Court of Chancery adjudged the Gallaghers in civil contempt and ordered them to deliver possession of all of the memorabilia to the Longs and, in addition, ordered them to attend their re-scheduled depositions on May 30 and 31, 2007.
(4) Following the Gallaghers' failure either to deliver the memorabilia to the Longs or to attend their depositions, despite being duly notified of the Court of Chancery's order, the Longs filed a motion requesting the Court of Chancery to again hold the Gallaghers in contempt. The Court of Chancery scheduled a hearing for July 19, 2007 on the motion. The Gallaghers requested a continuance of the hearing date, but did not otherwise respond to the Longs' motion. Yet again, the Gallaghers failed to appear at the hearing. On July 25, 2007, the Court of Chancery granted the Longs' motion to hold them in contempt. The Court of Chancery also, in light of the Gallaghers' "repeated contumacious disregard" of its orders, entered final judgment on all claims in favor of the Longs, granted dissolution of LGF Enterprises, LLC, and awarded the Longs all of their costs and attorney's fees.
(5) In this appeal, the Gallaghers claim that a) the contempt was excusable and should not have resulted in the imposition of a default judgment; b) the Court of Chancery violated their due process rights by entering a default judgment without hearing any evidence; and c) justice requires a full trial on the merits.
(6) We review the Court of Chancery's entry of default judgment against a party for failure to abide by its orders for abuse of discretion.[2] A trial judge has broad discretion to impose sanctions for failure to abide by its orders.[3] However, the trial judge's decision to impose sanctions must be just and reasonable.[4] This Court has held that there must be an element of willfulness or conscious disregard of a court order before entry of judgment is warranted.[5] Moreover, we have held that entry of judgment is too extreme a sanction where counsel, and not the party, bears the primary responsibility for failing to comply with the court's orders.[6]
(7) The record in this case reflects no abuse of discretion on the part of the Court of Chancery. To the contrary, the Court of Chancery demonstrated commendable patience and forbearance in its dealings with the Gallaghers. Only when the Gallaghers had clearly demonstrated an extreme degree of willfulness and conscious disregard for the Court of Chancery's orders did the Court of Chancery impose its sanctions. While the sanctions were severe, we do not find them to be unjust or unreasonable under the circumstances of this case. Moreover, the record reflects no violation of due process. It is undisputed that the Gallaghers were duly notified of every hearing scheduled and every order issued by the Court of Chancery. They chose not to appear for the hearings or comply with the court's orders and, as such, bear sole responsibility for the sanctions ultimately imposed.
(8) It is manifest on the face of the opening brief that the appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the motion to affirm is GRANTED. The judgment of the
Court of Chancery is AFFIRMED.
NOTES
[1] Supr. Ct. R. 25(a).
[2] Lehman Capital v. Lofland, 906 A.2d 122, 131 (Del. 2006) (citing In re Rinehardt, 575 A.2d 1079, 1082 (Del. 1990) and Rittenhouse Associates v. Frederic A. Potts & Co., Inc., 382 A.2d 235, 236 (Del. 1977)).
[3] Id.
[4] Id.
[5] Sundor Electric, Inc. v. E.J.T. Construction Co., Inc., 337 A.2d 651, 652 (Del. 1975).
[6] Rittenhouse Associates v. Frederic A. Potts & Co., Inc., 382 A.2d at 236-37.