COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOHN W. NOBLE
VICE CHANCELLOR

417 SOUTH STATE STREET
DOVER, DELAWARE 19901
TELEPHONE: (302) 739-4397
FACSIMILE: (302) 739-6179

September 26, 2014

Thomas E. Hanson, Jr., Esquire
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801

David E. Wilks, Esquire
Laina M. Herbert, Esquire
Wilks, Lukoff & Bracegirdle, LLC
1300 N. Grant Avenue, Suite 100
Wilmington, DE 19806

Re: *Mitchell Lane Publishers, Inc. v. Rasemas*
C.A. No. 9144-VCN
Date Submitted: September 15, 2014

Dear Counsel:

Defendants Joseph Rasemas ("Rasemas"), Cynthia Rasemas ("Cynthia"), and Purple Toad, Inc. ("Purple Toad" and collectively, with Rasemas and Cynthia, the "Defendants") have filed a Motion for Contempt and Sanctions against Plaintiff Mitchell Lane Publishers, Inc. ("Mitchell Lane") and Counterclaim Defendant Barbara Mitchell ("Mitchell"). Defendants allege that Mitchell and Mitchell Lane violated the Stipulation and Order for the Protection and Exchange of Confidential Information entered on February 28, 2014 ("Confidentiality Order")[1] by

---

[1] Transaction ID 55074761.

summarizing, describing, disclosing, or characterizing Defendants' confidential discovery material to unauthorized third-parties. Defendants request the Court to hold Mitchell and Mitchell Lane in contempt and impose sanctions by either (i) denying Mitchell Lane's pending application for injunctive relief, or (ii) dismissing Mitchell Lane's claims and entering judgment for Purple Toad on its counterclaim. Defendants further request the award of expenses and fees for their costs of discovery and bringing this motion.

## I. BACKGROUND

Defendants allege that, on at least three occasions, Mitchell disclosed confidential discovery material to unauthorized third-parties. These communications are summarized below.

1. A February 20, 2014 email to Heidi Holzapfel ("Holzapfel"), an employee of a Mitchell Lane distributor: "We are in discovery now and all the documentation that has been produced so far has been misappropriated from Mitchell Lane."[2]

---

[2] Defs.' Mot. Ex. B.

2. An April 7, 2014 email to Daniel Kraus ("Kraus"), an editor at *Booklist*, a book review publication: "We now have all the proof that Purple Toad books began life from a Mitchell Lane design template. The Purple Toad books were even made on my company computers during work hours alongside of the Mitchell Lane books he was working on. I know you were one of the first people who noticed that Purple Toad books were clones of Mitchell Lane, so I wanted to give you an update on the case."[3]

3. April 12, 2014 emails to Joanne Mattern ("Mattern"), one of Mitchell Lane's freelance authors. Mitchell wrote, "I need to inform you of an unfortunate event. I just learned through Discovery that Purple Toad Publishing (Joe Rasemas) is planning to release a book about Lorde this year. Because of our lawsuit against them, I would not want to put your book in print now."[4] In a follow-up email, Mitchell wrote, "When I found out he is publishing that book, I had to move as far away from him

---

[3] Defs.' Mot. Ex. C.
[4] Defs.' Mot. Ex. E.

as possible. He has copied my entire company. I can't be seen copying his!"[5]

## II. LEGAL STANDARD

To establish civil contempt, Defendants must demonstrate that Mitchell "violated an order of this Court of which [she] had notice and by which [she was] bound."[6] Defendants bear the burden of establishing contempt by clear and convincing evidence.[7] If they produce such evidence, the burden shifts to Mitchell to show a reason why she was unable to comply with the Confidentiality Order.[8]

When a party has failed to abide by the Court's orders, the Court "has broad discretion to impose sanctions" that are "just and reasonable."[9] Before exercising its discretion to award an entry of judgment, the Court must be satisfied that there

---

[5] Defs.' Mot. Ex. D.
[6] *TR Investors, LLC v. Genger*, 2009 WL 4696062, at \*15 (Del. Ch. Dec. 9, 2009), *aff'd*, 26 A.3d 180 (Del. 2011) (quoting *Arbitrium (Cayman Is.) Handels AG v. Johnston*, 1997 WL 589030, at \*3 (Del. Ch. Sept. 17, 1997)).
[7] *Id.*
[8] *Id.*
[9] *Gallagher v. Long*, 940 A.2d 945, 2007 WL 3262150, at \*2 (Del. 2007) (TABLE).

was an "element of willfulness or conscious disregard of a court order."[10]  In all civil cases, a contempt determination must be "coercive or remedial" rather than punitive.[11]

## III.  ANALYSIS

A. *The Emails to Holzapfel and Kraus Fail to Establish Contempt by Clear and Convincing Evidence*

Mitchell sent the relevant email to Holzapfel on February 20, 2014.  The Court entered the Confidentiality Order on February 28, 2014.  Defendants cannot establish, by any standard of proof, that Mitchell and Mitchell Lane had notice and were bound to an order that did not exist at the time of Mitchell's communication.[12]  Regardless, Defendants had not begun document production as of the time of the email.

---

[10] *Id.*

[11] *TR Investors*, 2009 WL 4696062, at *15.

[12] The Confidentiality Order does provide that "[t]he Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation had been entered by the Court."  ¶ 21.  However, the Court entered its order on the same day that the parties filed the proposed order.

Mitchell sent the contested email to Kraus on April 7, 2014, at 9:23 a.m. Defendants' responses to Mitchell Lane's first set of requests for production were served on Mitchell Lane's attorney by email and hand delivery on April 4, 2014.[13] Mitchell testified that her attorney received the disc containing Defendants' first production of documents on April 7, and she did not receive a copy of that production until April 11, 2014.[14] She further testified that she received a third-party's production on April 1, which suggested that a current Mitchell Lane employee had relevant knowledge of Rasemas' conduct at Mitchell Lane.[15] Before composing her April 7 email, Mitchell spoke to the current employee, who informed her that Rasemas had created Purple Toad books on Mitchell Lane's computers using Mitchell Lane's design templates.[16] Mitchell claims that the contents of her email to Kraus were based on the information she gathered from her employee, instead of the documents received in Defendants' production, which she had not yet seen.

---

[13] Transaction ID 55250136.
[14] Pl.'s Opp. Mot. Ex. A ¶ 6.
[15] Pl.'s Opp. Mot. Ex. A ¶¶ 2-3.
[16] Pl.'s Opp. Mot. Ex. A ¶ 4.

Mitchell's explanation regarding her source of information for the second email is at least as plausible as the Defendants' claim that Mitchell improperly disclosed confidential production material. Mitchell's statements to Kraus were general and did not describe or disclose any particular documents. The email might have been considered a summary or characterization of Defendants' document production if it were the case that Mitchell's email could only have been based on such production. However, the April 7 email does not establish by clear and convincing evidence that Mitchell violated the Confidentiality Order.

B. *The Emails to Mattern Do Not Warrant Sanctions*

Mitchell's first April 12, 2014 to Mattern may have been a technical violation of the Confidentiality Order. Pursuant to the Confidentiality Order, each party has the right to designate discovery material as "Confidential" if that party "reasonably believes in good faith that such Discovery Material contains non-public, confidential, proprietary, or commercially sensitive information."[17] Mitchell and Mitchell Lane note that the fact that Purple Toad intends to publish a

---

[17] Confidentiality Order ¶ 1.

book about Lorde this year is currently publicly available on the internet.[18] However, the record does not indicate whether this information was public when Mitchell sent her emails on April 12, 2014. If the information was non-public at the time, then Mitchell violated the Confidentiality Order by communicating "Confidential" discovery material to an unauthorized third-person.

However, in exercising its discretion to mold sanctions that are just and reasonable, the Court "is obligated to use the least possible power adequate to the end proposed."[19] When dealing with alleged civil contempt, sanctions should only "be directed towards coercing compliance with the order being violated and remedying the injury suffered by other parties as a result of the contumacious behavior."[20]

In this case, Defendants have not suffered any real injury from Mitchell's technical violation. Mitchell's email served merely to cancel Mitchell Lane's planned book on Lorde, and that book would have competed against Purple Toad's

---

[18] Pl.'s Opp. Mot. ¶ 20.
[19] *TR Investors*, 2009 WL 4696062, at *18 n.74.
[20] *Aveta Inc. v. Bengoa*, 986 A.2d 1166, 1188 (Del. Ch. 2009).

version. Further, at least by now, the fact that Purple Toad is publishing a book about Lorde is public knowledge.

Sanctions do not appear necessary to induce Mitchell or Mitchell Lane to abide by the Confidentiality Order. The April 12 emails to Mattern are the only communications in the record that may have violated the order. The clear purpose of Mitchell's email was to provide an explanation to an author whose book Mitchell was about to cancel. The email was not a part of a pattern of noncompliance that should be addressed by the Court.

Since "[w]hether a party should be held in contempt is ultimately a matter for the discretion of the court . . . [and t]he violation 'must not be a mere technical one, but must constitute a failure to obey the Court in a 'meaningful way,'"[21] the Court will hold neither Mitchell nor Mitchell Lane in contempt, nor impose sanctions. Defendants' Motion for Contempt and Sanctions is denied.

---

[21] *In re Indem. Ins. Corp., RRG.*, 2014 WL 31710, at *9 (Del. Ch. Jan. 2, 2014) (quoting *Dickerson v. Castle*, 1991 WL 208467, at *4 (Del. Ch. Oct. 15, 1991)).

**IT IS SO ORDERED.**

Very truly yours,

*/s/ John W. Noble*

JWN/cap
cc:     Register in Chancery-K