IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MAX D. DAVIS,[1] | § | |
| | § | |
| Respondent Below, | § | No. 197, 2016 |
| Appellant, | § | |
| | § | Court Below—Family Court |
| v. | § | of the State of Delaware, |
| | § | |
| VALERIE M. DAVIS, | § | File No. CK16-01182 |
| | § | Petition No. 16-03058 |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: September 9, 2016
Decided:     November 14, 2016

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## **O R D E R**

This 14th day of November 2016, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)    The appellant, Max D. Davis ("the Father"), filed this appeal from the Family Court's March 18, 2016 order awarding the appellee, Valerie M. Davis ("the Mother"), custody of the parties' two children ("the Children") under Family Court Civil Rule 55. We conclude that the Family Court erred in entering a default judgment against the Father. Accordingly, we reverse the Family Court's judgment.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2) On February 4, 2016, the Mother filed a petition for custody of the Children. The Mother sought an emergency *ex parte* order, which the Family Court denied. On February 14, 2016, the Father was personally served with the petition for custody at the address provided by the Mother.

(3) On February 23, 2016, the Family Court issued a mediation notice to the Father at the address where he accepted service of the custody petition. The mediation notice stated that a mediation hearing on the Mother's custody petition was scheduled for March 17, 2016 at 10:00 a.m. The notice warned that if the Father failed to appear for the mediation hearing a default judgment might be entered against him.

(4) On March 4, 2016, the Father filed an answer to the petition for custody. The Father disputed the Mother's allegations and sought fifty/fifty custody of the Children. In the answer, the Father listed a different address than the address where he was served with the petition for custody.

(5) On March 17, 2016, the Mother, but not the Father, appeared for the mediation hearing. On March 18, 2016, the Family Court entered a default judgment under Rule 55, awarded custody of the Children to the Mother, and entered the visitation schedule provided by the Mother. This appeal followed.

(6) On appeal, the Father argues that the Family Court erred in entering a default judgment against him because he did not receive notice of the mediation

2

hearing. We review the trial court's entry of a default judgment for abuse of discretion.[2] "Delaware has a strong public policy that favors permitting a litigant a right to a day in court."[3]

(7) The Family Court entered default judgment against the Father after finding that: (i) the Father was personally served with the petition for custody; (ii) the mediation notice was sent to the address of service for the Father; (iii) the mediation notice was not returned as undeliverable; and (iv) the Father failed to appear at the mediation, despite proper service. The Family Court record, however, contains an envelope with the mediation notice reflecting that the mediation notice was returned to the Family Court as "Moved Left No Address, Unable to Forward, Return to Sender." The Father's answer to the custody petition also lists a different address than the address on the mediation notice.

(8) "[D]efault judgments are typically inappropriate when important rights are at stake and there has been a lack of adequate notice to the party."[4] The record reflects that the Father did not receive the mediation notice. Under these circumstances, we conclude that the Family Court abused its discretion in entering a default judgment against the Father.

---

[2] *Gallagher v. Long*, 2007 WL 3262150, at *2 (Del. Nov. 6, 2007).
[3] *Dishmon v. Fucci*, 32 A.3d 338, 346 (Del. 2011).
[4] *Taylor v. Taylor*, 102 A.3d 151, 153 (Del. 2014).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family

Court is REVERSED.  The matter is hereby REMANDED to the Family Court for

further proceedings consistent with this order.  Jurisdiction is not retained.

BY THE COURT:

/s/   James T. Vaughn, Jr.
                    Justice

4