IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARY JEAN LEGG, | § | |
| | § | |
| Defendant Below, | § | No. 179, 2016 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below:  Superior Court |
| | § | of the State of Delaware |
| NATIONSTAR MORTGAGE LLC, | § | |
| | § | C.A. No. S15-07-014 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:  December 2, 2016
Decided:  February 6, 2017

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## O R D E R

This 6th day of February 2017, upon consideration of the briefs of the parties and the record in this case, it appears to the Court that:

(1)     The appellant, Mary Jean Legg, filed this appeal from a March 24, 2016 Superior Court order granting default judgment in favor of the appellee, Nationstar Mortgage LLC, and an October 16, 2015 Superior Court order denying Legg's motion to allow mediation.  We find no merit to Legg's appeal.  Accordingly, we affirm the Superior Court's judgment.

(2)     On July 21, 2015, then-plaintiff EverBank filed a *scire facias sur* mortgage complaint against Legg in the Superior Court.  The action was subject to the Superior Court's Residential Mortgage Foreclosure Mediation Program.  The

complaint alleged that Legg had failed to pay monthly installments on her mortgage. All allegations had to be answered by affidavit in accordance with 10 *Del. C.* § 3901.

(3)    On August 19, 2015, Legg filed an answer to the complaint. She did not answer by affidavit as required by 10 *Del. C.* § 3901. Legg admitted that she had not paid monthly installments on her mortgage, but claimed that she never had the income to pay off the loan and the lender set her up for failure.

(4)    Mediation under the Automatic Residential Mortgage Foreclosure Mediation Program was scheduled for September 21, 2015. Legg failed to appear for the mediation. The mediator filed a final mediation record reflecting that Legg failed to appear, the mediation process was complete, and the foreclosure action could proceed.

(5)    On October 1, 2015, Legg filed a motion to allow mediation. Legg claimed she was unable to attend the September 21, 2015 mediation due to a death in the family and had been denied a continuance. EverBank opposed the motion. According to EverBank's counsel, a mediation program staff person informed him that someone called on behalf of Legg before the mediation and stated Legg did not have the necessary paperwork for the mediation and had not met with a housing counselor. The caller did not request a continuance due to a death in the family.

(6)    On October 16, 2015, the Superior Court held a hearing on Legg's motion. Legg and her fiancé told the Superior Court that Legg had not attended the

mediation due to her mental state after learning her aunt/godmother was dying a week before the mediation. The Superior Court denied Legg's motion, but ordered EverBank to meet with Legg once Legg completed the necessary paperwork and to determine if there were any options other than foreclosure.

(7) On November 16, 2015, Legg filed a letter appeal of the Superior Court's order in the Superior Court. The Superior Court held the letter was untimely to the extent it was a motion for reargument and filed in the wrong forum to the extent it was a notice of appeal. In a letter dated November 17, 2015, EverBank's counsel informed the Superior Court that Legg and her fiancé failed to appear for a meeting scheduled for that day. On December 8, 2015, Legg filed a notice of interlocutory appeal in the Superior Court. The Superior Court held the notice was untimely to the extent it was a motion for reargument and untimely to the extent it was an application for certification of an interlocutory appeal.

(8) On January 25, 2016, Nationstar, as the new assignee of the mortgage,[1] filed a motion for default judgment. In support of its motion, Nationstar argued that Legg failed to answer the complaint by affidavit under 10 *Del. C.* § 3901, she did not deny she had failed to make mortgage payments when due, and she did not specify the sum she admitted to be due. Legg did not file a response to the motion

---

[1] Nationstar did not file the assignment with the Superior Court. The parties do not dispute that EverBank assigned the mortgage to Nationstar.

for default judgment. The Superior Court held a hearing on the motion for default judgment on February 19, 2016. The Superior Court continued the motion because Legg planned to borrow money under the Delaware Mortgage Assistance Program to cure the default and settlement was scheduled for February 24, 2016.

(9) On February 26, 2016, Nationstar informed the Superior Court that settlement had been rescheduled for March 18, 2016 so Legg could have more time to obtain the funds necessary for settlement. Nationstar requested that the Superior Court grant the motion for default judgment, which would not prevent Legg from proceeding to settlement and curing the default, because Legg had failed to satisfy numerous opportunities to resolve the matter. The Superior Court informed the parties that it would grant the motion for default judgment unless settlement proceeded on March 18, 2016.

(10) Settlement did not proceed on March 18, 2016. The Superior Court granted Nationstar's motion for default judgment on March 24, 2016. This appeal followed.

(11) On appeal, Legg argues that the Superior Court erred in granting the motion for default judgment because she should not have received the original loan due to her Attention Deficit Hyperactivity Disorder and lack of income, she was denied the opportunity to renegotiate the loan terms, and she would have incurred more debt under the Delaware Mortgage Assistance Program. Legg also argues that

4

the Superior Court abused its discretion in denying her request for another mediation date.

(12)   We review the trial court's entry of a default judgment for abuse of discretion.[2]   Under 10 *Del. C.* 3901(d), a default judgment may be entered if the defendant fails to file an affidavit with their answer to a complaint filed under 10 *Del. C.* § 3901(a).   The complaint was filed under 10 *Del. C.* § 3901(a).   Legg did not file an affidavit with her answer.   She admitted in her answer that she failed to make the monthly mortgage payments.

(13)   Defenses in a foreclosure action are limited to defenses to a mortgagor's obligations under the mortgage.[3]   Legg's contentions that she should not have received the original loan, she was denied the opportunity to renegotiate the loan terms, and she would have incurred more debt under the Delaware Mortgage Assistance Program are not valid defenses to the foreclosure action.[4]   The Superior Court did not err in granting the motion for default judgment.

(14)   As to Legg's claim that the Superior Court erred in denying her motion to allow mediation, the record reflects that Legg failed to appear for the scheduled

---

[2] *Gallagher v. Long*, 2007 WL 3262150, at *2 (Del. Nov. 6, 2007).

[3] *Brooks v. BAC Home Loans Serv., LP*, 2012 WL 3637238, at *2 (Del. Aug. 23, 2012) (citing *Gordy v. Preform Building Components, Inc.*, 310 A.2d 893, 895 (Del. Super. Ct. 1973) (available defenses to a foreclosure action are "limited to payment, satisfaction, absence of seal, or a plea in avoidance of the deed").

[4] *See, e.g., Brooks*, 2012 WL 3637238, at *2 (holding defenses of loss of employment, offer to make partial payment, denial of opportunity to renegotiate loan, and failure to cooperate in sale of property did not present valid defenses to foreclosure action).

5

mediation. There is no indication in the record that Legg asked for a continuance due to a death in her family before the mediation. In fact, the family member died several days after the mediation. The Superior Court judge denied Legg's motion to allow mediation, but still ordered EverBank to meet with Legg about her options. Legg, however, failed to appear for the scheduled meeting. Under these circumstances, the Superior Court did not err in denying Legg's motion to allow mediation.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice