COURT OF CHANCERY
OF THE
STATE OF DELAWARE

LORI W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

April 12, 2022

Richard L. Renck, Esquire
Duane Morris LLP
1201 North Market Street, Suite 501
Wilmington, Delaware 19801

Todd C. Schiltz, Esquire
Faegre Drinker Biddle & Reath LLP
222 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801

S. Mark Hurd, Esquire
Thomas P. Will, Esquire
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street, Suite 1600
Wilmington, Delaware 19801

RE:     *Hazoor Select, L.P. v. Ocelot Tactical Income GP, LLC, et. al.*,
        C.A. No. 2021-0623-LWW

Dear Counsel:

This letter resolves the motion for contempt filed by nominal defendant Ocelot

Tactical Income Master Fund, L.P. (the "Fund") and liquidator Mark D. Podgainy.

The underlying action involved a dispute between plaintiff Hazoor Select,

L.P. ("Hazoor"), which holds a majority of the Fund's partnership interests, and

defendant Ocelot Tactical Income GP, LLP ("Ocelot"), which has served as the

Fund's general partner since its inception.  In July 2020, Ocelot's principal and sole

member Andrew Townsend informed the Fund's investors that Ocelot had decided

to wind up the Fund.[1]  Ocelot served as the Fund's initial liquidator pursuant to the terms of the limited partnership agreement.[2]  The winding up process was beset by delay and, in June of 2021, Hazoor requested that Ocelot seek the written consent of the Fund's limited partners to remove Ocelot as liquidator and appoint Podgainy instead.[3]  After Ocelot failed to respond, Hazoor filed a lawsuit in this court on July 19, 2021.[4]

The litigation was short lived.  On July 30, 2021, the court granted a Status Quo Order submitted by the parties that allowed Ocelot to serve as interim liquidator but barred him from taking certain actions outside the ordinary course.[5]  On August 18, 2021, the defendants filed an answer to Hazoor's Verified Complaint.[6]  And on September 15, 2021, the parties filed a Stipulation and [Proposed] Final Judgment resolving the action, which I entered on September 21, 2021 (the "Final Judgment").[7]

---

[1] Verified Compl. ("Compl.") ¶ 4 (Dkt. 1).

[2] *Id.* ¶ 3.

[3] *Id.* ¶ 5.

[4] *See id.* ¶¶ 26-27.

[5] Dkt. 16.

[6] Dkt. 25.

[7] Dkts. 28, 29.

The Final Judgment vacated the Status Quo Order.  It further provided that "final judgment is entered in favor of Plaintiff declaring that Ocelot is removed as liquidator of the Fund and that Mark D. Podgainy . . . is appointed as successor liquidator of the Fund."[8]  The court subsequently granted the plaintiff's unopposed motion for costs and the action was closed.[9]

On January 21, 2022, the Fund and Podgainy filed a Motion for Contempt and for an Order Compelling Defendant Ocelot Tactical Income GP, LLC and its Agents to Turn Over Books and Records to and Cooperate Fully with the Successor Liquidator (the "Motion").[10]  Hazoor filed a notice of joinder to the Motion on February 14, 2022.[11]  In brief, the movants argue that Ocelot and Townsend's actions have reduced Podgainy to liquidator "in name only."[12]  Ocelot opposed the Motion

---

[8] Dkt. 29.

[9] *See* Dkts. 30, 32, 34.

[10] Dkt. 36.  Ocelot filed an opposition to the Motion on February 15, 2022.  Dkt. 44.  The movants filed their replies in further support of the Motion on February 21, 2022. Dkts. 45, 47.  I heard oral argument on the Motion on February 22, 2022.  Dkt. 50.

[11] Dkt. 41.

[12] Mot. for Contempt and for an Order Compelling Def. Ocelot Tactical Income, GP, LLC and its Agents to Turn Over Books and Rs. to and Cooperate Fully with the Successor Liquidator ("Mot.") ¶ 19 (Dkt. 36).

on the grounds that it and Townsend's actions did not violate the terms of the Final Judgment.

Court of Chancery Rule 70(b) provides this court with the discretion to find a party in contempt for the failure "to obey or to perform any order."[13] "To be held in contempt, a party must be bound by an order, have notice of it, and nevertheless violate it."[14] "A cardinal requirement for any adjudication of contempt is that the order allegedly violated give clear notice of the conduct being proscribed."[15] The "party petitioning for a finding of contempt bears the burden to show contempt by clear and convincing evidence."[16]

Neither of the arguments advanced in the Motion satisfy that standard.

First, the movants assert that Ocelot is in contempt because it, acting through Townsend, attempted to remove Podgainy as liquidator.[17] The Fund and Getzler

---

[13] Ct. Ch. R. 70(b); *see In re TransPerfect Glob., Inc.*, 2019 WL 5260362, at *10 (Del. Ch. Oct. 17, 2019) ("Whether a party should be held in contempt is a discretionary matter for the Court.").

[14] *Aveta Inc. v. Bengoa*, 986 A.2d 1166, 1181 (Del. Ch. 2009).

[15] *Mother Afr. Union First Colored Methodist Protestant Church v. Conf. of Afr. Union First Colored Methodist Protestant Church*, 1992 WL 83518, at *9 (Del. Ch. Apr. 22, 1992).

[16] *TR Invs., LLC v. Genger*, 2009 WL 4696062, at *15 (Del. Ch. Dec. 9, 2009).

[17] Mot. ¶¶ 9-10, 18.

Henrich & Associates—a firm associated with Podgainy—entered into an engagement agreement defining the scope of Podgainy's duties as the Fund's liquidator in October 2021.[18] On November 30, 2021, Townsend sent Podgainy an email stating that the Fund's general partner and limited partners had determined to terminate the Fund's engagement with Getzler Henrich.[19] Podgainy responded to Townsend that same day, pointing out that the termination provision in the Fund's engagement letter with Getzler Henrich did not allow the general partner to terminate his appointment as liquidator without the affirmative approval of the limited partners holding a majority interest in the Fund.[20]

Had Ocelot removed Podgainy as the Fund's liquidator, it might have contravened the Final Judgment. But there is no dispute that Podgainy continued his work as liquidator after the November email exchange with the ongoing engagement of Getzler Henrich and cooperation of Ocelot.[21] In any event, "th[is]

---

[18] *See* Def.'s Opp'n Br. Ex. A (Dkt. 44).

[19] Mot. Ex. 1.

[20] *Id.*

[21] *See* Def.'s Opp'n Br. Exs. C-J.

Court will consider good faith efforts to comply with the order or to remedy the consequences of non-compliance."[22]

The only continued non-compliance raised in the Motion concerns the movants' second argument: that Ocelot is in contempt because it has failed to turn over all of the documents that Podgainy requested in his capacity as liquidator.[23]  In support, they rely on a provision of the engagement letter with Getzler Henrich that entitles Podgainy to receive all of the Fund's financial and operational data "reasonably necessary" for him to fulfill his responsibilities.[24]

There is a fundamental flaw in that argument.  The engagement letter with Getzler Henrich, which Ocelot has allegedly violated, is obviously not an order of this court.  It is not mentioned in the Final Judgment.  In fact, the Final Judgment is silent on the matter of books and records.  Ocelot's purported failure to satisfy Podgainy's requests therefore does not rise to the level of contempt.[25]

---

[22] *In re TransPerfect*, 2019 WL 5260362, at *10.

[23] Mot. ¶¶ 11-14, 18-19.

[24] *See* Def.'s Opp'n Br. Ex. A.

[25] *See* Ct. Ch. R. 70(b); *Mitchell Lane Pubs., Inc. v. Rasemas*, 2014 WL 4804792, at *2 (Del. Ch. Sept. 26, 2014) (explaining that contempt requires "an 'element of willfulness or conscious disregard of a court order'" (quoting *Gallagher v. Long*, 940 A.2d 945, 2007 WL 3262150, at *2 (Del. 2007) (TABLE))).

As alternative relief, the movants ask for an order directing Ocelot and Townsend to provide all requested books and records to Podgainy.[26]  That relief is also denied—it is not sought in the Verified Complaint or contemplated by the Final Judgment.  Instead, it is "in the nature of new claims based on facts that arose after the settlement was reached" that "should be asserted in a complaint and litigated under established procedural rules."[27]  It would be procedurally improper for this court to consider a demand for books and records in the form of a motion for contempt in a closed action, without any evidence or underlying claims by which to assess that demand.[28]

---

[26] Mot. ¶ 21 n.3.

[27] *venBio Select Advisor LLC v. Goldenberg*, C.A. No. 2017-0108-JTL (Del. Ch. June 26, 2020) (ORDER).

[28] In its opposition, Ocelot argues that, just two days before filing the Motion, Podgainy circulated a chart showing that Ocelot had provided documents in response to more than two-thirds of his 244 requests.   Def.'s Opp'n Br. ¶ 3; *see* Def.'s Opp'n Br. Ex. J.  Setting aside the procedural improprieties of their request, the movants fail to address the scope of additional books and records they believe Podgainy is entitled to.  This court lacks any evidence by which to assess whether the documents sought are "reasonably necessary" to fulfill Podgainy's role as liquidator of the Fund.  *See* Def.'s Opp'n Br. Ex. A.

For these reasons, the Motion is denied.

Sincerely yours,

*/s/  Lori W. Will*

Lori W. Will
Vice Chancellor


cc:   All Counsel of Record via File & Serve*Xpress*