COURT OF CHANCERY
OF THE
STATE OF DELAWARE

KATHALEEN ST. J. MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

April 10, 2023

Carl D. Neff
FisherBroyles, LLP
CSC Station
112 South French Street
Wilmington, DE 19801

Kevin S. Mann
Cross & Simon, LLC
1105 North Market Street, Suite 901
Wilmington, DE 19801

Re: *Martin Lanz Zaslansky et al. v. FZ Holdings US, Inc. et al.,*
C.A. No. 2021-0168-KSJM

Dear Counsel:

This letter resolves the motion for contempt filed by Petitioners Martin Lanz Zaslansky and the Roberta Zaslansky Family Trust ("Petitioners") against Respondent FZ Holdings US, Inc. ("FZ Holdings" or the "Company") as discussed at the status conference held on Tuesday, March 21, 2023.[1]

Petitioners moved for contempt against FZ Holdings on July 13, 2022.[2] Petitioners also moved for a default judgment against FZ Holdings on October 20, 2022.[3] At oral argument on November 3, 2022, counsel for FZ Holdings represented that the Company was negotiating a strategic transaction that, if successful, would allow it to pay

---

[1] C.A. No. 2021-0168-KSJM, Docket ("Dkt.") 69 ("Mot.").

[2] *Id.*

[3] Dkt. 80.

Petitioners in full and thus moot the case.[4]  At the time, FZ Holdings anticipated a closing date approximately between December 3 and 18, 2022.[5]

On December 21, 2022, Petitioners filed a proposed final order and judgment on Counts I and II against FZ Holdings.[6]  Petitioners' letter stated that FZ Holdings had consented to the entry of the judgment,[7] and I entered the order on January 3, 2023.[8]

In the context of the parties' statements at the November 3 hearing, I understood the entry of the final order and judgment to mean that the transaction had closed, allowing Petitioners and FZ Holdings to resolve the dispute amicably.  I therefore viewed Petitioners' contempt motion as moot.  At the March 23, 2023 status conference, however, the parties advised that the strategic transaction had not closed, so the motion for contempt was not moot.  I now address the motion for contempt.

Petitioners have moved for contempt against FZ Holdings for failing to comply with my April 21, 2022 discovery order (the "April 21 Order").[9]  That order compelled FZ Holdings to produce all responsive documents to Petitioners' first document request, to serve supplemental written responses to Petitioners' document requests and first set of interrogatories, and to disclose the identity of custodians and steps taken to collect

---

[4] Dkt. __ ("Nov. 3, 2022 Hr'g Tr.") at 10:23–11:12.

[5] *Id.* at 11:8–12.

[6] Dkt. 90.

[7] *Id.*

[8] Dkt. 91.

[9] Mot.; *see also* Dkt. 55 ("Apr. 21 Order").

documents and electronically stored data.[10]   Petitioners state that FZ Holdings has since failed to provide the relevant documents, responses, and disclosures, thus warranting contempt.[11]   Petitioners also seek to compel FZ Holdings to comply with the April 21 Order within ten days and to shift fees.[12]

"The Delaware Supreme Court has made clear that discovery abuse has no place in our courts."[13]   This court must hold litigants accountable to ensure "the just, speedy and inexpensive determination of every proceeding before them."[14]   "The Delaware Supreme Court has long recognized that the purposes of discovery are to advance issue formulation, to assist in fact revelation, and to reduce the element of surprise at trial."[15] "The court has the power to issue sanctions for discovery abuses under its inherent equitable powers, as well as the Court's 'inherent power to manage its own affairs.'"[16] The sanctions imposed must be "just and reasonable."[17]

---

[10] Apr. 21 Order ¶¶ 1–3.

[11] *See* Mot. ¶¶ 6–11.

[12] *See id.* ¶ 13; *see also* Dkt. 69 (Proposed Order).

[13] *Terramar Retail Ctrs., LLC v. Marion #2-Seaport Tr. U/A/D June 21, 2002*, 2018 WL 6331622, at *8 (Del. Ch. Dec. 4, 2018) (internal quotations omitted) (cleaned up).

[14] *Id.* (internal quotations omitted) (cleaned up).

[15] *Id.* at *9 (internal quotations omitted) (cleaned up).

[16] *Beard Rsch., Inc. v. Kates*, 981 A.2d 1175, 1189 (Del. Ch. 2009) (quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106–07 (2d Cir. 2002)).

[17] *Terramar*, 2018 WL 6331622, at *9 (quoting *Gallagher v. Long*, 940 A.2d 945, 2007 WL 3262150, at *2 (Del. Nov. 6, 2007) (TABLE)).

Court of Chancery Rule 37(b) authorizes this court to find a party in contempt or enter a default judgment for refusing to comply with a discovery order.[18] "When an asserted violation of a court order is the basis for contempt, the party to be sanctioned must be bound by the order, have clear notice of it, and nevertheless violate it in a meaningful way."[19]

Petitioners argue that FZ Holdings failed to comply with the April 21 Order in many ways. First, Petitioners identify approximately 21 shortcomings in FZ Holdings' document production, including shortcomings in the production of financial and tax information, relevant legal agreements, and a failure to explain why FZ Holdings has not produced a privilege log.[20] FZ Holdings stated that it "provided a myriad of documents, encompassing all responsive documents in its possession, custody, or control."[21] Aside from this generalized statement, FZ Holdings does not claim to have produced the documents Petitioners seek.[22] The Company just states its position that "it has fully responded to all discovery requests and provided all responsive documents as required by the April 21 Order and that Respondent should not be held in contempt of same."[23]

---

[18] Ct. Ch. R. 37(b).

[19] *TransPerfect Glob., Inc. v. Pincus*, 278 A.3d 630, 644 (Del. 2022).

[20] Mot. ¶ 6.

[21] Dkt. 78 ("Opposition") ¶ 5.

[22] *See generally id.*

[23] *Id.* ¶ 8.

From the record before me, there appear to be gaps in FZ Holdings' document production. For instance, at the November 3, 2022 hearing, counsel for the Company described Petitioners' request for financials from 2022 onward as "improper" because the case was filed in 2021.[24] The Petitioners' first set of requests for documents included a request for "[m]onthly bank statements for all Company accounts."[25] Nothing in this language excluded 2022 bank statements. Therefore, the Company has not fully complied with the first part of the April 21 Order.

Second, Petitioners argue that FZ Holdings' supplemental responses to Petitioners' document requests and first set of interrogatories are deficient.[26] They are. By way of example, the fifth interrogatory asks FZ Holdings to identify "all subsidiaries or affiliates of the Company[.]"[27] The Company's supplemental response from May 5, 2022, is that "none exist."[28] This statement raises eyebrows, because FZ Holdings is controlled by co-Respondents Hemang Mehta and Nevil Shah, whom the Company admits also control at least one separate entity called Sunrise Capital Partners Management LLC.[29] The

---

[24] Nov. 3, 2022 Hr'g Tr. at 12:6–8.

[25] Mot., Ex. B ¶ 5.

[26] *See* Mot., Ex. A.

[27] *Id.* at 3.

[28] *Id.* at 4.

[29] *See* Dkt. 72 (Answer) ¶¶ 13–15.

interrogatory response does not explain why Sunrise Capital Partners Management LLC is not a Company affiliate.[30]

As another example, the tenth interrogatory asks the Company to "[i]dentify all insider loans made to the Company, including any involving either including [*sic*] Hemang Mehta or Nevil Shah."[31] In its initial answer, the Company stated that it would produce responsive documents.[32] In its supplemental answer, the Company promised to "produce a copy of its general ledger which identifies all loans made to the Company."[33] But per Petitioners, this ledger merely lists expenses from before 2020 and does not disclose "what compensation the principals have paid themselves."[34] The Company has not connected the dots between the ledger and the tenth interrogatory.

Petitioners also state that the Company has not verified its supplemental interrogatory responses.[35] The Company admits that it "inadvertently failed to provide a verification to its supplemental discovery responses."[36] The Company, however, states

---

[30] *See* Mot., Ex. A at 4.

[31] *Id.* at 7.

[32] *Id.*

[33] *Id.*

[34] Nov. 3, 2022 Hr'g Tr. at 6:4.

[35] *See* Dkt. 84 (Reply) ¶ 5.

[36] Opposition ¶ 7.

that the April 21 Order "did not compel Respondents to do so. If the Court so requires that Respondent verify its supplemental discovery responses, it will do so."[37]

Court of Chancery Rule 33 requires that interrogatory responses be answered "under oath[.]"[38] An order compelling additional interrogatory responses does not have to restate court rules for them to remain applicable to litigants. Here, the lack of verification contributes to my concerns. Had it just been a technical oversight on counsel's part, I would not be alarmed. But here, where the Company's discovery practices are already deficient, the fact that FZ Holdings seems hesitant to verify its interrogatory responses is a red flag.

Third, Petitioners argue that FZ Holdings failed to comply with the requirement in the April 21 Order that the Company "[d]isclose the identity of its custodians, data collection process, sources of electronic data, email accounts searched, whether search terms will be utilized, and other steps taken by Respondent to collect and review potentially discoverable documents and electronically stored data."[39] In respond to Petitioners' motion for contempt, the Company supplied this information. It should not have taken a motion for contempt for the Company to provide this information.

---

[37] *Id.*

[38] Ct. Ch. R. 33(b)(1).

[39] Apr. 21 Order ¶ 3.

Additionally, the April 21 Order required FZ Holdings to pay Petitioners' reasonable attorneys' fees incurred in connection with its contempt motion.[40] On May 17, 2022, I entered a separate order determining that amount to be "the sum of $5,545.03, plus reasonable additional time charges that have been or will be incurred to enforce the Court's Order dated April 21, 2022."[41] FZ Holdings admits that it has not paid this amount, stating that it has not received the required consent from senior creditors before doing so.[42] In other words, the Company squarely admits that it has not obeyed the fee shifting that I already ordered.

The clear and transparent violations of the April 21 Order speak for themselves. The Company had clear notice of the April 21 Order,[43] but chose not to obey several parts of it.

To rectify the situation, Petitioners have requested that I give the Company ten days to comply with the April 21 Order.[44] Petitioners also ask that I order the Company to pay the attorneys' fees figure stated in the May 17, 2022 order immediately.[45]

Although the Company's compliance with the April 21 Order is long overdue, I worry that making it rush to complete its discovery obligations is not feasible from a

---

[40] *Id.* at 2.

[41] Dkt. 58.

[42] Opposition ¶ 9.

[43] See *Transperfect Glob.*, 278 A.3d at 644.

[44] Dkt. 69 (Proposed Order) ¶ 1.

[45] *See* Dkt. 96 (Pet'rs' Mar. 21, 2023 Letter) at 2.

practical perspective. At the March 21, 2023 status conference, I gave Mehta and Shah 30 days each to catch up to their overdue discovery obligations. Accordingly, the Company has 30 days to do the same.

Petitioners' request for fee shifting, however, does not require additional time for compliance. The Company shall pay the requested fees immediately.

Accordingly, the motion for contempt against the Company is granted.

Sincerely,

*/s/ Kathaleen St. J. McCormick*

Kathaleen St. Judge McCormick
Chancellor