COURT OF CHANCERY
OF THE
STATE OF DELAWARE

SELENA E. MOLINA
SENIOR MAGISTRATE IN CHANCERY

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DE 19801-3734

September 5, 2025

Arthur G. Connolly, III, Esquire
Jarrett W. Horowitz, Esquire
Connolly Gallagher LLP
1201 N. Market Street, 20th Floor
Wilmington, DE 19810

Collectable Sports Assets, LLC
c/o Phil Neuman
484 Broome Street
New York, NY 10013

Re:  *Justin Cornett v. Collectable Sports Assets, LLC*,
C.A. No. 2024-1130-SEM

Dear Counsel & Parties:

Pending before me is plaintiff's motion for civil contempt and sanctions (the "Motion"). The Motion was filed on July 2, 2025, and, through it, the plaintiff seeks an order holding the defendant in contempt and sanctioning the defendant for that contempt through daily fines, shifting of fees, and, if the contemptuous conduct does not cease, appointment of a receiver. The Motion is GRANTED.

I provide only a brief background for purposes of this letter ruling. This action proceeded as a summary, expedited books and records action, through which Justin Cornett (the "Plaintiff") sought court-ordered production of certain records of Collectable Sports Assets, LLC (the "Defendant"). On February 4, 2025, through their proposed schedule, the parties stipulated to my making a final decision under Court of Chancery Rule 144(g) and 10 *Del. C.* § 350, waiving any trial-level review

and opting for a direct appeal to the Delaware Supreme Court. I granted that schedule and presided over trial on April 8, 2025.

On May 29, 2025, I issued my post-trial report, ruling largely in favor of the Plaintiff and requiring the Defendant to produce additional documents. Through my post-trial report, I directed the parties to meet and confer and propose an implementing order, which would address, in part, when the Defendant needed to complete production. The parties did so, and on June 9, 2025, they submitted a proposed implementing order which contemplated two stages of production. The first stage was for the records the Defendant had agreed to produce; those were required to be produced within 10 business days, before the deadline to file an appeal. The second stage was for the records I ordered the Defendant to produce, over the Defendant's objection; those were required to be produced within 30 calendar days, a deadline that matches the deadline for an appeal should the Defendant wish to challenge my ruling. For the latter, the parties also agreed: "Should [the] Defendant file an appeal challenging any of the Court's rulings . . ., [the] Defendant's obligation to produce any books and records subject to that appeal shall be stayed pending resolution of the appeal."

I granted the implementing order on June 11, making the deadlines for production June 26 and July 11, respectively. Yet June 26 came and went without

any production. One day later, on June 27, counsel for the Defendant moved to withdraw. Then, on July 11, the Defendant filed a notice of appeal with the Delaware Supreme Court, staying the deadline for the second stage of production. Simultaneously with that notice, counsel for the Defendant moved to withdraw as counsel for the Defendant on appeal.

The Defendant's counsel has been permitted to withdraw at both levels but, despite directions and warnings, the Defendant remains unrepresented. The Delaware Supreme Court issued a notice on August 18, giving the Defendant 10 days to respond, lest dismissal of the appeal would be deemed to be unopposed. As of the date of this letter, the Defendant has not responded. At this level, I warned: "If counsel for [the Defendant] does not enter an appearance in this action within thirty days [(of my July 17, 2025 order)], [the Defendant] may be subject to any further relief requested by the [P]laintiff, including the [Motion] which may be granted as unopposed." That deadline passed on August 17 and on August 21, the Plaintiff asked that the Motion be granted as unopposed. Through this letter, I do just that.

As explained by Vice Chancellor Laster in *Aveta Inc. v. Bengoa*, "[t]o be held in contempt, a party must be bound by an order, have notice of it, and nevertheless

violate it."[1] Here, and as more fully explained in my post-trial report, the Defendant represented to the Plaintiff and this Court that it would voluntarily produce certain responsive documents. I noted that representation in my post-trial report and ordered that the Defendant "shall produce as promised[.]" In their proposed implementing order the parties made the deadline for that production earlier than the deadline to appeal and challenge my ruling on the disputed records. Despite these representations, promises, and direct involvement in the timeline for compliance, the Defendant has failed to produce the records at issue. We are now more than two months past the agreed-upon deadline and there is no record that the Defendant has made any good faith attempts to comply. Rather, the Defendant has gone dark after counsel's withdrawal and is in contempt of stage one of my production order.

The Plaintiff proposes, as sanctions for this contempt: (1) a daily monetary sanction, (2) fee shifting, and (3) if (1) and (2) do not compel compliance, appointment of a receiver. I generally agree with this procedure, with a few caveats addressed herein.

---

[1] 986 A.2d 1166, 1181 (Del. Ch. 2009) (citations omitted).

I have "broad discretion to impose sanctions for failure to abide by [my] orders."[2] But those sanctions must be "just and reasonable[,]"[3] and directed towards coercing compliance and remedying any prejudice or injury to the moving party.[4] Further, "in selecting contempt sanctions, a court is obligated to use the least possible power adequate to the end proposed."[5]

Using the least possible power to coerce compliance and remedy the harm to the Plaintiff, I begin with monetary sanctions. The Plaintiff is hereby awarded his reasonable attorneys' fees and costs incurred in connection with the Defendant's contempt.[6] The Plaintiff shall file and serve on the Defendant an affidavit under Court of Chancery Rule 88 within 10 business days; the Defendant may respond to the fees requested within 10 business days of service.

I will also impose a daily fine. The Plaintiff requested a fine that would look back to the original deadline and begin incurring on June 27, the first day after the

---

[2] *Gallagher v. Long*, 940 A.2d 945, 2007 WL 3262150, at *2 (Del. Sept. 18, 2007) (TABLE).

[3] *Id.*

[4] *Aveta Inc. v. Bengoa*, 986 A.2d 1166, 1188 (Del. Ch. 2009) (citations omitted).

[5] *TR Invs., LLC v. Genger*, 2009 WL 4696062, at *18 n.74 (Del. Ch. Dec. 9, 2009) (citations omitted).

[6] *See Jagodzinski v. Silicon Valley Innovation Co., LLC*, 2012 WL 593613, at *2 (Del. Ch. Feb. 14, 2012); *Neem Int'l CV v. Pathway Genomics Corp.*, 2021 WL 4340336, at *1 (Del. Ch. Sept. 22, 2021).

deadline was missed. The Plaintiff then proposed that the daily fine continue through July 10, two weeks after the deadline, after which the Plaintiff asks me to escalate my sanctions and appoint a receiver. I decline to impose such a look back. Rather, I reiterate herein that the Defendant must produce the stage one promised records, and I will impose a daily fine of $1,000.00 for every calendar day that production remains outstanding. That daily fine begins tomorrow and will accrue until the Defendant complies, or until September 12, 2025, one week from the date of this letter decision.[7] This extended one-week deadline balances the Plaintiff's genuine interest in prompt production against the risk of imposing unnecessarily severe monetary sanctions or jumping too quickly to the extreme remedy of a receiver.

If the Defendant does not rectify its contempt and produce the records by September 12, 2025, however, I will be left with no other option. If the stage one production is not complete by September 12, 2025, the daily $1,000.00 fine will cease, and a receiver will be appointed to take over the Defendant's production efforts. By September 12, 2025, the Plaintiff shall file a letter recommending a Delaware attorney(s) to serve as receiver and provide a proposed form of appointment order.

---

[7] *See Vays, LLC v. Imusti, Inc.*, 2025 WL 1224635, at *1 (Del. Ch. Apr. 25, 2025).

IT IS SO ORDERED.

Respectfully,
*/s/ Selena E. Molina*
Senior Magistrate in Chancery