# COURT OF CHANCERY
# OF THE
# STATE OF DELAWARE

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

June 21, 2022

Ryan Wollner
By Email

John L. Reed, Esquire
Ronald N. Brown, III, Esquire
Kelly L. Freund, Esquire
DLA Piper LLP (US)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801

Re:    *Ryan Wollner v. PearPop Inc.*, C.A. No. 2021-0157-KSJM

Dear Mr. Wollner and Counsel:

This letter resolves the defendant's motion for default judgment[1] and the plaintiff's competing (combined) motion to vacate the order to compel, motion for a protective order, and opposition to the motion for default judgment.[2]

As background, Plaintiff Ryan Wollner filed this action under Section 220 of the Delaware General Corporation Law to inspect books and records to investigate Defendant PearPop Inc.'s June 5, 2020 conversion from an LLC into a corporation. Wollner alleges that the conversion violated his rights as a purported 5% equity holder, "Initial Member," and "Manager" of the pre-conversion LLC.[3] Wollner served his Section 220 demand on December 31, 2020.[4]

---

[1] C.A. No. 2021-0157-KSJM, Docket ("Dkt.") 78 ("Def.'s Mot.").

[2] Dkt. 82 ("Pl.'s Mot.").

[3] Dkt. 1 ("Compl.") ¶¶ 1–2.

[4] *Id.* Ex. J.

In response to the Section 220 demand, PearPop agreed to produce books and records conditioned on Wollner signing a confidentiality agreement, which the parties executed in late January 2021.[5]  PearPop then produced documents pursuant to the confidentiality agreement.  Wollner viewed this production as insufficient and initiated this Section 220 action on February 22, 2021.[6]  PearPop agreed to expedited treatment of the case and the parties stipulated to a schedule setting trial for April 28, 2021.[7]

On March 17, 2021, Wollner served 85 interrogatories and 85 requests for production on PearPop and noticed a deposition of PearPop pursuant to Court of Chancery Rule 30(b)(6).[8]  PearPop responded to the written discovery requests on March 26, 2021, but moved for a protective order on March 28, 2021, arguing that the noticed deposition topics were overbroad.[9]  Also on March 28, PearPop filed declarations from two of its directors attesting to the authenticity of some of the documents that PearPop had produced, which Wollner had apparently disputed while meeting and conferring with PearPop's counsel concerning discovery.[10]

---

[5] Def.'s Mot. Ex. A.

[6] Compl.

[7] Dkt. 11, Scheduling Order.

[8] Dkt. 21, Freund Aff. Ex. 1–3; Dkt. 14.

[9] Dkt. 20, Def.'s Mot. for Protective Order.

[10] Dkt. 22, Decl. of Cole Mason; Dkt. 23, Decl. of Michael Shvartsman.

On April 1, 2021, Wollner's initial counsel moved to withdraw.[11] According to the motion to withdraw, Wollner refused to provide document discovery to his own attorney and then represented to PearPop that he was "temporarily suspending" his counsel.[12] Corroborating this story, PearPop filed a motion to compel the next day, arguing that Wollner had refused to respond to interrogatories or produce any documents.[13]

On April 28, 2021, I held a telephonic hearing on Wollner's counsel's motion to withdraw and gave Wollner ten additional days to find new counsel before ruling on the motion.[14] I granted the motion to withdraw on May 14, 2021.[15]

Through the remainder of May and early June, Wollner directly engaged with PearPop's counsel in discussions regarding the scope of discovery.[16] On May 20, 2021, Wollner forwarded PearPop a settlement offer that attached a document produced to him by PearPop, suggesting that the document was fully responsive to "probably half or more of the evidence [PearPop was] requesting" in its motion to compel.[17] On May 22, 2021, Wollner sent PearPop three audio recordings he had taken of a couple of PearPop's

---

[11] Dkt. 25, First Mot. to Withdraw.

[12] *Id.* ¶¶ 1–2; Dkt. 38, Apr. 28, 2021 Tr. at 4:17.

[13] Dkt. 26, Mot. to Compel.

[14] Dkt. 38, Apr. 28, 2021 Tr. at 14:14–22.

[15] Dkt. 40, May 14, 2021 Tr. at 5:1–2.

[16] *See* Dkt. 53, Reply in Supp. of Def.'s Mot. for Protective Order Ex. 8–14.

[17] Dkt. 54, Reply in Supp. of Def.'s Mot. to Compel Ex. 13 at 4–6.

principals.[18]  On June 11, 2021, Wollner's second set of counsel entered an appearance and later filed oppositions to PearPop's pending motions.[19]

On July 12, 2021, I held a hearing on PearPop's pending motions to compel and for a protective order.  Because Wollner had withdrawn his discovery requests by that time, I denied the motion for a protective order.  PearPop pressed its request to shift fees in connection with that motion, which I also denied.[20]  I then granted PearPop's motion to compel (the "Discovery Ruling"), despite some discomfort with the breadth of the requested discovery, but denied it to the extent that it sought to shift fees.[21]  Following my bench ruling, I instructed Wollner to "dig deep and do his best to respond to all the requests propounded and to do so promptly given the delays that have occurred in this proceeding in large part due to [his] conduct and inability to retain counsel."[22]

Given that I had granted the motion to compel and that Wollner was being advised by counsel, I believed that discovery would proceed apace and that this case was back on track.  Eight days after that hearing, however, Wollner's new counsel filed a motion to withdraw, informing the court that Wollner had discharged him.[23]

---

[18] *Id.* at 3.

[19] Dkt. 46, Entry of Appearance; Dkt. 48, Opp'n to Mot. for Protective Order; Dkt. 51, Opp'n to Mot. to Compel.

[20] Dkt. 60, July 12, 2021 Tr. at 23:2–21.

[21] *Id.* at 25:2–24.

[22] *Id.* at 26:6–10.

[23] Dkt. 59, Second Mot. to Withdraw.

On September 13, 2021, Wollner filed a motion for a protective order regarding the discovery requests at issue in the Discovery Ruling.[24] The motion also sought to compel more complete responses to his interrogatories and other discovery requests, privilege logs, fees, and sanctions.[25] Wollner publicly filed a number of exhibits with this motion, which PearPop had produced to him pursuant to the confidentiality agreement the parties entered before the commencement of this litigation, despite never seeking PearPop's permission to do so.[26]

I granted the second motion to withdraw at a hearing on September 20, 2021, after which Wollner proceeded *pro se*. By that time, Wollner had not produced any documents since I had entered the Discovery Ruling. I nevertheless gave Wollner another opportunity to comply with his obligations, again directly instructing him to do so during the hearing.[27]

On September 22, 2021, Wollner informed PearPop that he would only produce documents if PearPop signed a "one way confidentiality agreement," rather than the standard confidentiality stipulation based on the Court of Chancery's form.[28] On September 23 and 24, 2021, Wollner filed letters to the court to this effect, arguing that he was concerned about how any discovery he provided to PearPop could be used against

---

[24] Dkt. 63, Pl.'s Mot. for a Protective Order.

[25] *Id.*

[26] Dkt. 64; Def.'s Mot. at 6.

[27] Dkt. 75, Sept. 20, 2021 Tr. at 6:8–17, 7:19–22.

[28] Def.'s Mot. Ex. C.

him.[29]  On September 29, 2021, Wollner voluntarily withdrew his motion for a protective order.[30]

The parties met and conferred at some length regarding Wollner's discovery obligations, particularly with regard to responding to interrogatories, between late September and early October 2021.  Wollner sent several versions of his interrogatory responses to PearPop in that timeframe, which PearPop informed him were deficient in several respects.[31]  On October 4, 2021, Wollner filed the final version of his interrogatory responses.[32]  These interrogatory responses, in addition to the single email and three edited audio recordings, remain the only discovery that Wollner has provided PearPop in this litigation.

Based on Wollner's repeated failure to adhere to his discovery obligations, PearPop moved for a default judgment and fee-shifting under Court of Chancery Rule 37 on October 11, 2021.[33]  Just over a week later, the plaintiff filed a combined motion to vacate the order to compel under Court of Chancery Rule 60(b), motion for a protective order, and

---

[29] Dkt. 72; Dkt. 73.

[30] Dkt. 74.

[31] Def.'s Mot. Ex. D–E.

[32] Dkt. 77, Pl.'s Resps. to Def.'s First Set of Interrogs.

[33] Def.'s Mot.

opposition to the motion for default judgment.[34]  The parties completed briefing on the competing motions by November 30, 2021, and I heard oral argument on March 25, 2022.[35]

I first address PearPop's motion for default judgment.  The Delaware Supreme Court "has long recognized that the purpose of discovery is to advance issue formulation, to assist in fact revelation, and to reduce the element of surprise at trial."[36]  "Scheduling orders and discovery cutoffs further these important purposes and policies by ensuring that parties provide discovery in a timely fashion, thereby avoiding trial by surprise and the prejudice that results from belated disclosure."[37]  "Parties must be mindful that scheduling orders are not merely guidelines but have the same full force and effect as any other court order."[38]  "A party that disregards the provisions in a scheduling order that govern discovery is engaging in discovery abuse.  If a party cannot meet a deadline, the onus is on that party to be forthcoming and transparent about the situation and the reasons for it."[39]

---

[34] Pl.'s Mot.

[35] Dkt. 112, Mar. 25, 2022 Tr.

[36] *Levy v. Stern*, 687 A.2d 573, 1996 WL 742818, at *2 (Del. Dec. 20, 1996) (TABLE).

[37] *IQ Hldgs., Inc. v. Am. Com. Lines Inc.*, 2012 WL 3877790, at *2 (Del. Ch. Aug. 30, 2012).

[38] *Terramar Retail Ctrs., LLC v. Marion #2-Seaport Trust U/A/D June 21, 2002*, 2018 WL 6331622, at *9 (Del. Ch. Dec. 4, 2018) (quoting *Ams. Mining Corp. v. Theriault*, 51 A.3d 1213, 1238 (Del. 2012)).

[39] *In re ExamWorks Gp., Inc. S'holder Appraisal Litig.*, 2018 WL 1008439, at *6 (Del. Ch. Feb. 21, 2018).

"A trial court has broad discretion to fashion and impose discovery sanctions."[40] "Trial courts should be diligent in the imposition of sanctions upon a party who refuses to comply with discovery orders, not just to penalize those whose conduct warrants such sanctions, but to deter those who may be tempted to abuse the legal system by their irresponsible conduct."[41] "This court has broad discretion to remedy violations of its orders, but the decision to impose sanctions for failure to abide by a court order must be just and reasonable."[42]

"Court of Chancery Rule 37(b)(2) provides an 'arsenal' of possible sanctions that a trial court can impose for discovery violations."[43] Among those, if a party "fails to obey an order to provide or permit discovery," the court may "render[] a judgment by default against the disobedient party."[44] Further, under Court of Chancery Rule 37(d), "the Court shall require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the Court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."[45]

---

[40] *Genger v. TR Invs.*, 26 A.3d 180, 190 (Del. 2011).

[41] *Holt v. Holt*, 472 A.2d 820, 824 (Del. 1984).

[42] *Clymer v. DeGirolano*, 2022 WL 1012993, at *4 (Del. Ch. Apr. 4, 2022) (interpreting Court of Chancery Rule 70(b)) (citing *Gallagher v. Long*, 940 A.2d 945, 2007 WL 3262150 (Del. 2007) (TABLE)).

[43] *Terramar*, 2018 WL 6331622, at *10.

[44] Ct. Ch. R. 37(b)(2)(C).

[45] *Id.* 37(d); *see also TransPerfect Glob., Inc. v. Pincus*, --- A.3d ---, 2022 WL 1763204, at *8 n.97 (Del. June 1, 2022) (stating that the standard of proof for a finding of civil contempt

Here, Wollner does not dispute that he has provided virtually no document discovery to PearPop, nor does he meaningfully address whether his interrogatory responses were sufficient to satisfy his discovery obligations. He effectively concedes that he has been in continuing violation of the Discovery Ruling.

Discovery directed to a Section 220 plaintiff should not be broad or extensive; frequently, a Section 220 defendant will not propound discovery. When discovery is served on a Section 220 plaintiff, however, the plaintiff must endeavor to meet his obligations or timely move for a protective order. Instead of doing so in this case, Wollner repeatedly and blatantly flouted his obligations.

Given Wollner's egregious misconduct, it is appropriate to grant PearPop's motion for a default judgment. I now turn to the question of whether Wollner's competing requests for relief under Rule 60(b) alter the outcome.

Rule 60(b) provides that, "[o]n motion and upon such terms as are just, the Court may relieve a party . . . from a final judgment, order, or proceeding" for any of six enumerated reasons.[46] Wollner relies on three: "(2) newly discovered evidence;" "(3) fraud . . . , misrepresentation or other misconduct of an adverse party;" and "(6) any other reason justifying relief from the operation of the judgment."[47]

---

in Delaware is preponderance of the evidence); *InTEAM Assocs., LLC v. Heartland Payment Sys., LLC*, 2021 WL 5028364, at *11 (Del. Ch. Oct. 29, 2021) (same).

[46] Ct. Ch. R. 60(b).

[47] *Id.*

"Rule 60(b) advances 'two important values: the integrity of the judicial process and the finality of judgments.'"[48] "The rule exists to serve the first; its administration must acknowledge the second."[49] Granting relief under Rule 60(b) requires the movant to demonstrate that another party has engaged in "the most egregious conduct involving a corruption of the judicial process itself."[50] "Sinister suspicions and 'dark imaginings' are not enough."[51]

"Although there is no set time limit in which a party must file a Rule 60(b) motion, the movant must exercise diligence and act without unreasonable delay."[52] This court has found that, "in the context of a summary proceeding such as an action under Section 220 . . . the delay in bringing a motion under Rule 60(b) should be measured in weeks rather than months."[53]

I issued the Discovery Ruling on July 12, 2021. Wollner waited until after PearPop moved for a default judgment to move to vacate the court's order—more than three months.

---

[48] *Okla. Firefighters Pension & Ret. Sys. v. Corbat*, 2018 WL 1254958, at *2 (Del. Ch. Mar. 12, 2018) (quoting *Credit Lyonnais Bank Nederland, N.V. v. Pathe Commc'ns Corp.*, 1996 WL 757274, at *1 (Del. Ch. Dec. 20, 1996)).

[49] *Credit Lyonnais*, 1996 WL 757274, at *1.

[50] *In re MCA, Inc.*, 774 A.2d 272, 280 (Del. Ch. 2000) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2870, at 418–19 (1995)).

[51] *Id.* at 280.

[52] *Shipley v. New Castle Cty.*, 975 A.2d 764, 770 (Del. 2009) (discussing the Superior Court counterpart to the Court of Chancery rule).

[53] *High River Ltd. P'ship v. Forest Lab'ys, Inc.*, 2013 WL 492555, at *6 (Del. Ch. Feb. 5, 2013) (Master's Report).

I am tempted to deny Wollner's combined motion due to its untimeliness alone, but given that Wollner is a *pro se* litigant, I will address his arguments on the merits.

Wollner advances a host of reasons why, in his view, PearPop's motion should be denied and his motions granted. For the sake of analysis, I have endeavored to organize these arguments according to the three subparts of Court of Chancery Rule 60(b) on which Wollner relies. Subpart (6) is a catch-all provision, so I will address the plaintiff's arguments that do not fit into the first two subparts last.

Rule 60(b)(2) permits the court to relieve a party from an order based on newly discovered evidence.[54] To obtain relief under this rule, the movant must show that

> (1) the newly discovered evidence has come to his knowledge since the judgment; (2) that it could not, in the exercise of reasonable diligence, have been discovered for use before the judgment; (3) that it is so material and relevant that it will probably change the result . . .; (4) that it is not merely cumulative or impeaching in character; and (5) that it is reasonably possible that the evidence will be produced at the trial.[55]

In support of relief under Rule 60(b)(2), the plaintiff argues that, in a phone conversation on August 31, 2021, he learned from Michael Shvartsman, a PearPop principal, that PearPop had hired its counsel, DLA Piper, against Shvartsman's wishes.[56] Wollner maintains that Shvartsman instructed Cole Mason, an initial member of PearPop,

---

[54] Ct. Ch. R. 60(b)(2).

[55] *Corbat*, 2018 WL 1254958, at *2 (brackets omitted) (quoting *Levine v. Smith*, 591 A.2d 194, 202 (Del. 1991)).

[56] Pl.'s Mot. ¶¶ 39–41; Dkt. 90 ("Reply in Supp. of Pl.'s Mot.") at 13–14.

and Spencer Markel, PearPop's counsel and a former DLA Piper attorney, not to hire DLA Piper because they were too expensive.[57] According to Wollner, Mason and Markel disobeyed Shvartsman and hired DLA Piper for $50,000, which DLA Piper agreed to as a favor to Markel.[58] Wollner believes that the $50,000 figure is significant because that is allegedly the amount that PearPop, through DLA Piper, initially offered him to settle this case.[59]

Ignoring the hearsay nature of this evidence, and assuming its veracity solely for the sake of analysis, this proffered new evidence does not satisfy the requirements of Rule 60(b)(2). For new evidence to warrant relief under the third element of the Rule 60(b)(2) test, the new evidence must change the result of the court order. The new evidence here would not alter the Discovery Ruling, which I entered based on Wollner's failure to adhere to his discovery requirements. At best, this evidence could be used to impeach the character of some PearPop affiliates. But that too would be insufficient to warrant relief under Rule 60(b)(2), because the fourth element of the test prohibits relief based on newly discovered evidence that is merely impeaching in character.

I turn now to Wollner's argument under Rule 60(b)(3), which permits the court to relieve a party from an order on the basis of fraud, misrepresentation, or other

---

[57] Pl.'s Mot. ¶¶ 9, 39.

[58] *Id.* ¶ 39.

[59] *Id.*

misconduct.[60]   Such relief is appropriate "where a party has engaged in fraud or misrepresentation that prevents the moving party from fairly and adequately presenting his or her case."[61]   To succeed on a claim under Rule 60(b)(3), "the movant must ordinarily do so by proof of clear and convincing evidence and within a reasonable period of time after" the relevant order or judgment was entered.[62]   In support of his request relief under Rule 60(b)(3), Wollner makes a series of somewhat confusing points.

Wollner first contends that PearPop "falsely accuse[d]" Wollner's first attorney of refusing to engage meaningfully in discovery discussions.[63]   But the basis of this contention is routine discovery communications between counsel and nothing more.

Wollner next contends that PearPop falsely accused him of sending "threatening and harmful messages."[64]   Namely, PearPop accused Wollner of sending an animated image of a gun to PearPop's CEO after Wollner sent the settlement offer.   Wollner argues that these allegedly false allegations regarding the threatening images and other statements by PearPop caused his first attorney to withdraw.[65]   Giving Wollner the benefit of a logical

---

[60] Ct. Ch. R. 60(b)(3).

[61] *MCA, Inc. v. Matsushita Elec. Indus. Co. Ltd.*, 785 A.2d 625, 639 (Del. 2001).

[62] *In re U.S. Robotics Corp. S'holders Litig.*, 1999 WL 160154, at *12 (Del. Ch. Mar. 15, 1999) (cleaned up).

[63] Pl.'s Mot. ¶¶ 23, 27, 42.

[64] *Id.* ¶¶ 25–26; Reply in Supp. of Pl.'s Mot. at 2–4.

[65] Pl.'s Mot. ¶ 44; Reply in Supp. of Pl.'s Mot. at 5–6.

inference, perhaps his point is that these accusations disadvantaged him in presenting his case in connection with the Discovery Ruling because his first attorney withdrew.

Regardless of the truth or falsity of PearPop's accusation, the conduct does not warrant relief under Rule 60(b)(3). PearPop's accusation, while serious, did not form the basis of the Discovery Ruling nor indeed any order this court. Wollner has not demonstrated that anyone relied on PearPop's accusation to their own or another's detriment, nor that PearPop knew or believed the accusation to be false when made. These familiar elements of fraud and misrepresentation are entirely lacking here. Moreover, Wollner's first counsel moved to withdraw because Wollner "contacted counsel for [PearPop] to advise them that Withdrawing Counsel was not currently representing him," not for the allegedly false statements about Wollner.[66] And at the time I entered the Discovery Ruling, Wollner was represented by new counsel. So, it cannot be said that *PearPop's* conduct prevented Wollner from fairly and adequately presenting his case.

Last, Wollner contends that he feels threatened by PearPop, alleging that he has observed people who he believes are associated with PearPop outside of his house.[67] He expressed concern that PearPop will use discovery he provides to fabricate false documents or alter genuine ones, which he alleges PearPop has already done.[68] Although these

---

[66] Dkt. 25, First Mot. to Withdraw ¶ 1.

[67] Dkt. 112, Mar, 25, 2022 Tr. at 49:18–24.

[68] Pl.'s Mot. ¶¶ 10, 43–44.

allegations could certainly rise to the level of conduct that would warrant relief under Rule 60(b)(3), Wollner has presented no evidence to substantiate those allegations.

Therefore, relief is not warranted under Rule 60(b)(3).

I now address Wollner's remaining arguments under Rule 60(b)(6), which permits the court to relieve a party from an order on the basis of any otherwise unenumerated reason that would serve the interests of justice.[69] Wollner's four remaining arguments are that: PearPop is not entitled to depose him because it asked Wollner's first attorney if he had sent the plaintiff PearPop's settlement offer;[70] Wollner did not understand his obligations or rights during the periods when he was not represented by counsel;[71] PearPop's discovery requests were overbroad;[72] and that the edited audio recordings he provided in discovery were not recorded illegally.[73]

Addressing these four points in reverse order, I can dispose of the last two quickly. I cannot—despite generous efforts—find any theoretical role in this analysis for the "lawful" designation of Wollner's recording of the audio tapes, and I already rejected the overbreadth argument when entering the Discovery Ruling. Wollner's second point is equally unavailing, given that I took pains to instruct Wollner of his obligations during the

---

[69] Ct. Ch. R. 60(b)(6).

[70] Pl.'s Mot. ¶¶ 14–16, 42; Reply in Supp. of Pl.'s Mot. at 4–5.

[71] Pl.'s Mot. ¶ 38(a); Reply in Supp. of Pl.'s Mot. at 9–10, 14.

[72] Pl.'s Mot. ¶¶ 38(b), 43.

[73] Reply in Supp. of Pl.'s Mot. at 6–8.

July 12, 2021 hearing and gave him more opportunities to comply than he deserved. As for the first (and final) point, I again confess that I do not get it. It was fair for PearPop to seek clarification from Wollner's counsel regarding that attorney's actions on Wollner's behalf given that Wollner had suspended his counsel for a period. What bearing this has on the pending motion is a mystery in any event.

In sum, Wollner has not met his burden to demonstrate that he is entitled to relief from the court's order under Rule 60(b)(6).

Wollner also has not demonstrated the circumstances necessary to escape fee shifting under Rule 37(d). As discussed above, Rule 37(d) provides for the payment of attorneys' fees for the failure to adhere to discovery obligations "unless the Court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."[74] Although policy considerations make relief under Rule 60(b) more difficult to obtain,[75] this standard under Rule 37(d) and the interests-of-justice standard under Rule 60(b) are conceptually similar, in that they ask the court to look at the broader context when granting relief. Here, the broader context is not flattering for Wollner, who blatantly failed to adhere to his minimal discovery obligations despite being given every opportunity to do so.

---

[74] Ct. Ch. R. 37(d).

[75] *See Wimbledon Fund LP v. SP Special Situations LP*, 2011 WL 378827, at *6 (Del. Ch. Feb. 4, 2011) ("Relief under Rule 60(b)(6) is an extraordinary remedy," and the standard "is more exacting than any other ground for relief provided for in the Rule. That is, in order for a party to succeed under Rule 60(b)(6), the party must make a showing of extraordinary situation or circumstances." (cleaned up)).

Therefore, PearPop's motion for default judgment is granted. Wollner's motions to vacate the court's order to compel and for a protective order are denied. Wollner is responsible for PearPop's reasonable attorneys' fees in this litigation from the date of the Discovery Ruling forward.

Between September 2021 and the March 25, 2022 hearing, Wollner filed several additional motions that have not been fully briefed: a motion for leave of court to assess and (or) implement his rights including amending and (or) supplementing his complaint, seeking civil discovery sanctions against PearPop, and litigation fees and expenses;[76] a motion for clarification regarding the denial of PearPop's motion for a protective order on July 12th, 2021;[77] a motion to compel PearPop to advance litigation expenses in accordance with PearPop's bylaws;[78] a motion for a status quo ante litem, status quo suspensions, and extension of the plaintiff's rights;[79] and a motion for a summary judgment.[80]

Since the March 25, 2022 hearing, Wollner has filed a motion for confidential treatment;[81] an amended motion to compel PearPop to advance litigation expenses;[82] a

---

[76] Dkt. 91.

[77] Dkt. 92.

[78] Dkt. 93.

[79] Dkt. 97.

[80] Dkt. 98.

[81] Dkt. 108.

[82] Dkt. 109.

motion for discovery sanctions against PearPop;[83] a motion for an expedited briefing schedule and hearing date regarding the plaintiff's motion for discovery sanctions against PearPop;[84] a motion for Rule 11(c) sanctions against PearPop;[85] a motion for default judgment;[86] and a motion for an *ex parte* communication with the court and temporary restraining order.[87]

I did not require that PearPop respond to these motions, which would have had the effect of increasing the award of attorneys' fees entered against Wollner.[88]  Given that I have granted PearPop's motion for a default judgment, there is no reason to address these dozen additional pending motions on their merits.  They are denied.  I ask that PearPop's counsel prepare a final order memorializing this decision for my review.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Kathaleen St. Jude McCormick
Chancellor

cc:     All counsel of record (by *File & ServeXpress*)

---

[83] Dkt. 110.

[84] Dkt. 111; *see also* Dkt. 114, Ex. 1.

[85] Dkt. 115.

[86] Dkt. 117.

[87] Dkt. 118.

[88] On March 18, 2022, PearPop filed a motion for leave to file a motion to strike one of the plaintiff's letters to the court or, in the alternative, for confidential treatment of the briefing on the motion to strike.  Dkt. 104.  PearPop should inform the court if further action on that motion is necessary.